UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN THE MATTER OF:  CHAPTER 13
Stacy Marie Milburn  CASE NO. 17-55660-TJT
, Debtor(s).  JUDGE THOMAS J. TUCKER
_____/

## TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

**NOW COMES**, the Chapter 13 Trustee, Tammy L. Terry, and objects to confirmation of the Chapter 13 Plan in the above matter pursuant to E.D. Mich. L.B.R. 3015-3(a) and 11 U.S.C. §1307(c)(5) as follows:

1. The Trustee reserves the right to object to any of the debtor's(s') budgetary expenses if the plan is ever amended to propose less than 100% to class eight general unsecured creditors.

2. A review of the debtor's(s') Schedule I indicates a 401k loan in the monthly amount of $70.53. The Trustee requests the debtor(s) provide the specific date upon which this obligation will be paid in full. To the extent that this obligation will be paid in full during the pendency of the Chapter 13 case, the Trustee requests that best efforts be increased by the amount of the 401k loan payment in the month immediately following the month in which the obligation is paid in full.

3. The Trustee objects to the debtor's failure to provide complete information in the Bankruptcy Petition Coversheet regarding her prior Chapter 13 and Chapter 7 cases. The Trustee requests that the debtor amend the Bankruptcy Petition Coversheet to disclose this information.

4. The debtor provides in the Chapter 13 Plan as a class 4 secured claim a debt owed to SLS Mortgage. The Trustee objects to the debtor's failure to list this creditor in the Schedules and the Trustee requests an amendment of same. The Trustee has reason to believe that this creditor has not been adequately advised of the pendency of these proceedings.

5. The debtor list in Schedule D the secured claim of Cornerstone Community Fin. The Trustee objects to the debtor's failure to treat this creditor in the Chapter 13 Plan and the Trustee requests an amendment of Plan. The Trustee further objects to the debtor's failure to disclose complete information in Schedule D regarding the description of the property that secures the claim with Cornerstone Community Fin.

6. The Trustee objects to debtor's failure to treat Genisys Credit Union in the Chapter 13 Plan as this creditor is listed in Schedule D, and the Trustee requests an amendment of same. The Trustee further objects to the debtor's failure to disclose a description of the property that secures the claim with Genisys Credit Union and the Trustee requests an amendment of same.

7. The Trustee requests that the debtor provide documentation to support the child support income and social security benefit received by the debtor.

8. The Trustee requests that the debtor provide copies of three (3) post-petition pay stubs at least 14 days prior to confirmation.

9. The debtor provides in Schedule E/F debts owed to the Internal Revenue Service and the Michigan Department of Treasury. The Trustee objects to the debtor's failure to disclose the specific tax years that the debtor is listing in the Schedules and the Trustee requests an amendment of same.

10. The debtor testified at the §341 First Meeting of Creditors that she is currently paying $597 monthly for a 2015 Harley Davidson financed by Harley Davidson Financial. The Trustee objects to the debtor's failure to treat this creditor in the Chapter 13 Plan and Schedules. The Trustee has reason to believe that this creditor has not been adequately advised of the pendency of these proceedings.

11. The debtor's(s') Plan proposes that the debtor(s) remit monthly automobile payments in the amount of $597 to Harley Davidson Financial for a 2005 Harley Davidson. The amount of such monthly payment, however, is not reasonably necessary for the debtor's(s') maintenance and support as required by 11 U.S.C. 1325(b). See, In re Rogers, 65 B.R. 1018 (Bankr. E.D. Mich., 1986).

**WHEREFORE,** the Chapter 13 Trustee requests this Honorable Court deny confirmation of the debtor's (s') Chapter 13 Plan and dismiss this case pursuant to 11 U.S.C. §1307(c)(5).

OFFICE OF THE CHAPTER 13 TRUSTEE-DETROIT
Tammy L. Terry, Chapter 13 Trustee

December 15, 2017

**/S/ TAMMY L. TERRY (P-46254)**
Chapter 13 Standing Trustee
/s/ KIMBERLY SHORTER - SIEBERT (P-49608)
/s/ MARILYN R. SOMERS-KANTZER (P-52488)
Staff Attorneys
535 Griswold, Suite 2100
Detroit, MI 48226
(313) 967-9857
mieb_ecfadmin@det13.net

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:

Stacy Marie Milburn
, Debtor(s).

CHAPTER 13
CASE NO. 17-55660-TJT
JUDGE THOMAS J. TUCKER

_____/

## CERTIFICATE OF MAILING

I hereby certify that on December 18, 2017, a copy of **TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN** was electronically filed with the Clerk of Court, served electronically to the debtor's(s') attorney and a copy of same deposited in the U. S. Mail to the debtor (s) at the address as it appears below.

*/s/ Juatane E. Miller*
For the Office of the Chapter 13 Trustee-Detroit
535 Griswold, Suite 2100
Detroit, MI  48226
(313) 967-9857
mieb_ecfadmin@det13.net

Stacy Marie Milburn
25024 Friar Lane
Southfield, MI  480330000

LAW OFFICE OF RICHARD H. CLARK, PLLC
30833 NORTHWESTERN HWY., SUITE 224
FARMINGTON HILLS, MI  483340000